IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS TAYLOR, | : |
| Plaintiff | : |
| v. | : Case No. 3:25-cv-68-KAP |
| S.C.I. HOUTZDALE, *et al.*, | : |
| Defendants | : |

Report and Recommendation

Recommendation

    This is a replay of Taylor v Klinefelter, Case No. 3:24-cv-48-NBF-KAP (W.D.Pa. January 22, 2025). *See id*. ECF no. 13, *adopting report and recommendation at id.,* ECF no. 6. Plaintiff Taylor is an inmate at S.C.I. Houtzdale who filed a civil complaint subject to the Prison Litigation Reform Act. The motion to proceed *in forma pauperis*, ECF no. 1, has been denied. If plaintiff does not pay the filing fee the complaint should be dismissed for failure to prosecute. If plaintiff pays the filing fee I recommend that the complaint be dismissed as explained below. In the meantime the Clerk shall mark this matter administratively closed.

Report

    This is filed as a Report and Recommendation because in Burton v. Schamp, 25 F.4th 198 (3d Cir. 2022), the Court of Appeals held that in cases where judgment may be appropriate as to parties that have not consented before judgment to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), the Magistrate Judge should proceed by Report and Recommendation to the District Court, which has Article III authority to dismiss parties and enter final judgment in the matter in favor of parties who have not filed a consent.  Ordering service of a complaint to determine whether parties in whose favor judgment would be entered would consent to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C) would waste scarce resources. Plaintiff has returned the form electing whether he elects district judge or magistrate judge jurisdiction, *see* ECF no. 3, but regardless of any consent or lack thereof by the plaintiff this format is used because review indicates that this matter should be dismissed.

    This Court, Taylor v Klinefelter, Case No. 3:24-cv-48-NBF-KAP (W.D.Pa. January 22, 2025), and the Court of Appeals, Taylor v. Hall, No. 21-1304 (3d Cir. Order of July 22, 2021), have already ruled that Taylor is barred from proceeding *in forma pauperis* because he is a three-strikes litigant under 28 U.S.C. § 1915(g). Taylor can proceed *in forma pauperis* only if shows that he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C.§ 1915(g); Abdul-Akbar v. McKelvie,

239 F.3d 307, 312 (3d Cir. 2001) (*en banc*). There must be some nexus between the claims he seeks to pursue in his complaint and the imminent danger he alleges. *See* Ball v. Hummel, 577 Fed.Appx. 96 (3d Cir. 2014), *citing* Pettus v. Morgenthau, 554 F.3d 293 (2d Cir.2009).

Taylor's allegations are that in March 2024 he was called a derogatory term by a fellow inmate, fought with that inmate, received an injury that he was treated for in the medical department, was charged (by a nondefendant corrections officer) with a misconduct for fighting, and was taken to the Disciplinary Treatment Unit. There are no allegations that would amount to a claim against the named defendants and no possibility that the facts alleged amount to showing of imminent danger at the time Taylor dated the complaint, February 21, 2025.

The Prison Litigation Reform Act's screening requirements for inmate litigants proceeding *in forma pauperis* are set out at 28 U.S.C.§ 1915(e)(2):

(2)   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
    (A)   the allegation of poverty is untrue; or
    (B)   the action or appeal --
    (i)   is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune from such relief.

If Taylor pays the full filing fee, this case can be reopened, but at that point Taylor's complaint would have to be dismissed on the merits because the complaint does not state a claim.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is advised that he can pay the full filing fee and then, within fourteen days, file written objections to my recommendation, or he can appeal my denial of his motion to proceed *in forma pauperis*. Failure to take any action can result in dismissal for lack of prosecution, and if plaintiff pays the filing fee but does not file timely and specific objections, any appeal would be severely hampered or entirely defaulted. *See* EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: May 12, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Cornelius Taylor MH-5213
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698